IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 5:02-419-CMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Jonathan Bernard Sapp, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant filed a pro se motion in this court pursuant to 28 U.S.C. § 2255, challenging his conviction for a violation of 18 U.S.C. § 924(j). ECF No. 406. The Federal Public Defender entered an appearance in his case, and filed a motion to vacate. ECF No. 410. The Government filed a motion to dismiss, arguing the motion was second or successive and not authorized by the Fourth Circuit. ECF No. 414. Defendant filed a response, requesting the court construe his pleading as a successive petition and forward it to the Fourth Circuit for proper consideration. ECF No. 415. The court entered an Order sending Defendant's motion to the Fourth Circuit (ECF No. 416), which authorized Defendant to file a second or successive § 2255 motion (ECF No. 419). The Government thereafter filed a motion to dismiss or for summary judgment and a response in opposition on the merits. ECF No. 425, 426. Defendant filed a reply. ECF No. 427.

**I.    Background**

On September 18, 2002, Defendant was charged in a Second Superseding Indictment with four counts. ECF No. 142. On October 7, 2002, Defendant pled guilty to Counts 1 and 2 of the Second Superseding Indictment: one count of Hobbs Act Robbery and one count of causing the death of another person with a firearm during and in relation to a crime of violence, such killing

being murder as defined in 18 U.S.C. § 1111, in violation of § 924(j). ECF Nos. 142, 203, 205. Judgment was entered on June 24, 2003. ECF No. 307. Defendant was sentenced to a total term of 500 months, consisting of 240 months as to Count 1 and 500 months as to Count 2, to run concurrently. *Id.* Defendant did not appeal.

## II. 18 U.S.C. § 924(c), (j)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[1]

18 U.S.C. § 924(c)(3).

In the same statute, subsection (j) notes:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall –
1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment of any term of years or for life; and
2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

---

[1] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

18 U.S.C. § 924(j). As subsection (j) is committed "in the course of a violation of subsection (c)," the same analysis applies in determining whether an offense qualifies as a predicate conviction under § 924(c)(3).

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, \_\_ S.Ct. \_\_, 2019 WL 2570623, at \*13 (June 24, 2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at \*6-\*10.

### III. Discussion

Defendant argues the substantive Hobbs Act Robbery conviction cannot serve as a predicate offense for his § 924(j) conviction, as it is not a crime of violence as defined in § 924(c)(3)(A), the "force clause," and §924(c)(3)(B) is invalid. ECF No. 410. The Government has moved for summary judgment, arguing Defendant's claim was procedurally defaulted, is untimely, and fails on the merits as Hobbs Act Robbery is categorically a crime of violence under the force clause and the residual clause is not unconstitutionally vague. ECF No. 425. Defendant responded, arguing his motion was timely as it was filed within a year after *Johnson*, the claim was not procedurally defaulted because it could not have been raised previously, and Hobbs Act Robbery is not a crime of violence. ECF No. 427.

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

3

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[2], all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Jones,* 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz,* 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).

---

[2] The Fourth Circuit has two cases pending, which were held in abeyance pending *Davis*, in which the issue of substantive Hobbs Act Robbery and § 924(c) may be addressed. *See United States v. Thorpe*, No. 17-4229; *United States v. Melvin*, No. 17-4236. The Fourth Circuit has also held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c) force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury."). Although the Fourth Circuit initially held North Carolina robbery not violent, see *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), that case has been abrogated by *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544 (2019), as recognized in *United States v. Dinkins*, __ F.3d __, 2019 WL 2722570 (4th Cir. July 1, 2019).

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A), the force clause. Therefore, Defendant's § 924(j) conviction properly rests upon his substantive Hobbs Act Robbery conviction.[3]

**IV.  Conclusion**

Defendant's challenge to his conviction under § 924(j) fails because the § 924(j) conviction is predicated on substantive Hobbs Act Robbery, a crime of violence under the force clause of § 924(c)(3)(A). The Government's motion for summary judgment[4] (ECF No. 426) is granted and Defendant's § 2255 motions (ECF Nos. 406, 410) are hereby **dismissed with prejudice**.

---

[3] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely and/or based on procedural default. However, the court need not reach these arguments, as it has determined that Defendant's conviction for § 924(j) stands.

[4] The Government's previous motion to dismiss because Defendant's § 2255 motion was successive is dismissed as moot due to the Fourth Circuit's grant of permission. ECF Nos. 414 (motion), 419 (notice of authorization).

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 16, 2019